IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. ROSE, JR.
    Plaintiff,

v.                                           CIVIL ACTION NO. 19-CV-2406

JENNIFER WILSON, *et al.*,
    Defendants.

### MEMORANDUM

SCHMEHL, J.                                                      JUNE 6, 2019

James E. Rose, Jr., a frequent *pro se* litigator in this Court, has filed a civil action[1] as the "Natural Father of the Minor J.G.R. whose Civil Rights and Liberties have been and continue to be violated [due] to the overzealous and unlawful practice of Harassment and Official Abuse Carried Out by the Defendant, Jennifer Wilson, and her Superior, Defendant Alvin Gonzalas." (ECF No. 4 at 1.) Rose has also moved to proceed *in forma pauperis*. For the following reasons, Rose will be permitted to proceed *in forma pauperis* and the Court will dismiss the Amended Complaint without prejudice.

### I. FACTS

Rose makes numerous factual assertions that the Defendants acted outside the scope of their authority and used their positions as employees of the Social Security Administration to violate Rose's son's civil rights. Apparently to support a claim for benefits, Defendants asked Rose to supply documentation of gambling debts and bank records. (ECF No. 4 at 4-6.) He

---

[1] Rose filed his Complaint on May 31, 2019. (ECF No. 2) On June 5, 2019, he filed an Amended Complaint. (ECF No.4.) The Amended Complaint changed the caption to identify the Defendants by name. The Court adopts the pagination supplied by the CM/ECF docketing system. All references will be to the Amended Complaint.

wants (1) the Defendants fired from their jobs or transferred to Alabama, Texas or Wyoming, and (2) an injunction preventing them from causing further damage to his son. (*Id.* at 3, 6.)

## II. STANDARD OF REVIEW

Because Rose is proceeding without the payment of fees, 28 U.S.C. § 1915(e)(2)(B)(ii) applies and requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rose is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle

2

has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).

Because Rose seeks to raise claims on behalf of his minor son, he may only do so through an attorney admitted to practice before this Court. *Osei-Afriyie*, 937 F.2d at 882. Since Rose may not play the role of attorney for his child, the claims he attempts to bring will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii), and with leave granted to Rose to refile the claims in a new lawsuit through counsel. An appropriate Order follows.